# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

MORRIS ET AL,

    Plaintiffs,

v.                                                                                          No. 2:19-cv-02874-MSN-tmp

CITY OF MEMPHIS ET AL,

    Defendants.
_____

## ORDER ADOPTING REPORT AND RECOMMENDATION
_____

Before the Court is Memphis Light, Gas, and Water ("MLGW") and David Armstrong's Motion to Dismiss. Pursuant to Administrative Order No. 2013-05, the case was referred to the United States magistrate judge for management for all pretrial matters. Chief Magistrate Judge Tu M. Pham's submitted his Report and Recommendation ("Report") on Defendants' Motion to Dismiss. (ECF No. 52.) The Report recommends that Plaintiff's complaint against Defendants MLGW and David Armstrong be dismissed. (*Id.* at PageID 198.) More than one month after the objections were due, Plaintiffs have not filed an objection to the Report. For the reasons set forth herein, the Court **ADOPTS** the Report and **DISMISSES** Plaintiff's complaint against Defendants MLGW and David Armstrong.

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72, a district court may refer a pretrial motion to a magistrate judge for the preparation of a report and recommendation. "The

magistrate judge must promptly conduct the required proceedings and enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Civ. P. 72(b)(1). If a party files timely objections to the recommendation, the district court must consider those objections *de novo* and "accept, reject, or modify the recommendation." Fed. R. Civ. P. 72(b)(3).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Civ. P. 72(b)(2). Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

The Court need not review—under a *de novo* or any other standard—those aspects of a report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985). Failure to object to a magistrate judge's findings or conclusions results in waiver of those objections. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014).

Here, the deadline to object to the Report passed over one month ago, and Plaintiffs have not filed any objections. The Court has reviewed the Report for clear error and finds none. For the

foregoing reasons, the Court **ADOPTS** the Report and **DISMISSES** Plaintiff's § 1983 claim against Defendants MLGW and David Armstrong pursuant Federal Rule of Civil Procedure 12(b)(6).

    **IT IS SO ORDERED** this 1st day of February, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE