# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

VERA M. MORRIS and
CHRISTOPHER E. WILKERSON,

    Plaintiff,

v.                                     Case No. 2:19-cv-2874-MSN-tmp

CITY OF MEMPHIS,
MEMPHIS LIGHT GAS AND WATER DIVISION,
OFFICER BURTON,
OFFICER WEBB, and
D. ARMSTRONG,

    Defendants.

___

## ORDER ADOPTING REPORT AND RECOMMENDATION
___

Before the Court is the Magistrate Judge's Report and Recommendation ("**Report**") dated April 20, 2021. (ECF No. 59.) The Report recommends Defendant City of Memphis' Motion for Judgment on the Pleading be granted. (*Id.*)

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de*

*novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The deadline to object to the Report has passed, and Plaintiffs have filed no objections. The Court has reviewed the Report for clear error and finds none. For the foregoing reasons, the Court **ADOPTS** the Report. Defendant City of Memphis is entitled to judgment on the pleadings as to Plaintiffs' § 1983 claim. Additionally, because the Complaint fails to state a claim against Defendant City of Memphis under § 1983, this Court declines to exercise supplemental jurisdiction

over Plaintiffs' state law claims, and the state law claims against Defendant City of Memphis are **DISMISSED** without prejudice.

  **IT IS SO ORDERED**, this 10th day of May 2021.

                *s/ Mark S. Norris*
                MARK S. NORRIS
                UNITED STATES DISTRICT JUDGE