```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

VERA MAE MORRIS and              )
CHRISTOPHER E. WILKERSON,        )
                                 )
     Plaintiffs,                 )
                                 )
v.                               )     No. 19-02874-MSN-tmp
                                 )
OFFICER BURTON and OFFICER       )
WEBB, CITY OF MEMPHIS POLICE     )
DEPARTMENT,                      )
                                 )
     Defendants.                 )
_____

**REPORT AND RECOMMENDATION ON MOTION FOR SANCTIONS**
_____

Before the court is a Motion for Sanctions filed by defendants Officer Burton and Officer Webb against plaintiffs Vera Morris and Christopher Wilkerson. (ECF No. 25.) On December 19, 2019, Morris and Wilkerson filed a *pro se* complaint against the City of Memphis Police Department ("MPD"), Memphis Light Gas & Water ("MLGW"), Memphis Police Department Officers Burton and Webb, and MLGW Corporate Investigator D. Armstrong alleging violations of their Fourth Amendment rights and seeking damages under 28 U.S.C. § 1983. (ECF No. 1.) MPD, MLGW, and Armstrong were subsequently dismissed from the case, leaving only the individual officer defendants. (ECF Nos. 62, 64.) For the below reasons, the undersigned recommends that the Motion for Sanctions be granted in part and denied in part.

I.   PROPOSED FINDINGS OF FACT

Morris and Wilkerson filed a suit against the individual officers, MPD, and MLGW on December 19, 2019. (ECF No. 1.) In their complaint, the two allege that Armstrong, Burton, and Webb entered their home without consent while looking for Wilkerson's brother, who had an outstanding electric bill he had not paid. (Id. at 6.) Wilkerson's brother did not reside at the home in question. (Id.) Despite being asked to leave several times, the officers remained and threatened to "disconnect the electricity services" at the house unless Wilkerson's brother's bill was paid by the end of the week. (Id.) After this incident, Wilkerson filed a complaint with MPD's Internal Affairs Department and later filed the present suit. (Id.)

As the case progressed, the claims against MPD and MLGW were dismissed, leaving only claims against the individual officers. (ECF No. 56, 63.) On September 28, 2021, the officers noticed both Morris and Wilkerson's depositions to be taken Thursday, October 14, 2021, at 10:00 A.M. and 1:00 P.M., respectively. (ECF No. 67.) Both plaintiffs received notice through letter and voicemail. (ECF No. 68 at 2.) However, both Morris and Wilkerson failed to appear for their depositions. (ECF Nos. 68-2, 68-3.) Officers Burton and Webb then filed the present Motion for Sanctions on October 28, 2021, seeking $192.50 to reimburse the costs associated with the

depositions and to have the case dismissed pursuant to Federal Rule of Civil Procedure 37. (ECF No. 68 at 2.)

Under this district's local rules, parties opposing a motion must file a response within 14 days. W.D. Tenn. LR 7.2(a)(2). Morris and Wilkerson did not respond to the Motion for Sanctions within this time period. The undersigned entered an Order to Show Cause on November 15, 2021, ordering Morris and Wilkerson to respond to the motion by November 26, 2021. (ECF No. 69.) Morris and Wilkerson failed to respond to this order as well. The undersigned now considers the defendants' motion without response from the plaintiffs.

## II.   PROPOSED CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37(d) provides that sanctions may be ordered against a party who "after being served with proper notice" fails to appear for their own deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions for this failure include "any of the orders listed in Rule 37(b)(2)(a)(i)-(vi)." Id. These orders include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking the pleadings in whole or in part;

>   (iv) staying further proceedings until the order is obeyed;
>
>   (v) dismissing the action or proceeding in whole or in part;
>
>   (vi) rendering a default judgment against the disobedient party; or
>
>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(a). The Rules provide that "instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" unless such payment would be unjust, or the failure to appear is "substantially justified." Fed. R. Civ. P. 37(d)(3). Here, the defendants seek to recover the costs associated with the missed depositions, amounting to $192.50, as well as dismissal of the case "with prejudice" pursuant to Rule 37(b)(2)(a)(v). (ECF No. 68 at 3.)

   Dismissing a lawsuit is "a particularly severe sanction[.]" Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust, 665 F. App'x 514, 520 (6th Cir. 2016) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991)). Other cases have identified dismissal as "the sanction of last resort[,]" only warranted where the "court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." Staples v. Potter, No. 08-2867-

- 4 -

STA-dkv, 2010 WL 2389767, at *1 (W.D. Tenn. May 12, 2010), report and recommendation adopted, 2010 WL 2389746 (quoting Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994) and Reg'l Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 153-54 (6th Cir. 1988)). Where dismissal is considered, the Sixth Circuit uses four factors to determine whether the sanction is warranted:[1]

> (1) whether the party's [conduct] [was] due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Fharmacy Records v. Nassar, 379 F. App'x 522, 524 (6th Cir. 2010). While no one factor is dispositive, there must generally be "a clear record of delay or contumacious conduct" by the non-moving party. Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008).

Here, the four factors do not suggest that dismissal is warranted. First, there is evidence of willfulness and bad faith by the plaintiffs, as they failed to appear for their depositions

---

[1] These factors are consistently applied whether a case is sought to be dismissed under Rule 41(b), Rule 37(b), or the inherent power of the court. Coleman v. Am. Red Cross, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994).

without any explanation. The second factor is satisfied, as the defendants were clearly prejudiced monetarily and in discovery by the plaintiffs' failure to attend their mandatory depositions. But the plaintiffs have not been warned in the past that their failure to attend their depositions, and subsequent failure to respond to this motion, could lead to dismissal of their lawsuit. However, this report and recommendation will constitute such a warning. **Further failure to participate in discovery, attend their required depositions, or otherwise cooperate with this court's orders will lead to dismissal of the plaintiffs' case.**

The fourth factor cautions against dismissal as well, but points towards a different remedy. Less drastic sanctions are readily available and requested by the defendants: a reimbursement of the costs associated with the missed depositions. Further, Rule 37 requires the court to order the party that failed to appear after proper notice "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Morris and Wilkerson have not provided any justification for their failure to appear and have not communicated with the court since the missed depositions. The two failed to respond both to the present motion and a subsequent order to show cause entered by the undersigned.

Without justification or excuse, imposing the costs of the missed depositions is mandatory.

The defendants state that these costs amount to $192.50.[2] Accordingly, it is recommended that Morris and Wilkerson be ordered to pay $192.50 to the defendants due to their failure to appear for their depositions. It is also recommended that Morris and Wilkerson be ordered to appear and be deposed at a time and place of defendants' choosing.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 30, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[2]The defendants also attached an invoice from the reporter retained for both depositions that states the total cost as $192.50. (ECF No. 68-4.)