IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

———————————————————————————————————————

VERA MAE MORRIS and                )
CHRISTOPHER E. WILKERSON,           )
                                    )
    Plaintiffs,                     )
                                    )
v.                                  )        No. 19-02874-MSN-tmp
                                    )
OFFICER BURTON and OFFICER          )
WEBB,                               )
                                    )
    Defendants.                     )

———————————————————————————————————————

REPORT AND RECOMMENDATION

———————————————————————————————————————

Before the court is a Motion for Sanctions filed by defendants Officer Burton and Officer Webb against plaintiffs Vera Morris and Christopher Wilkerson. (ECF No. 76.) On December 19, 2019, Morris and Wilkerson filed a *pro se* complaint against the City of Memphis Police Department ("MPD"), Memphis Light Gas & Water ("MLGW"), Memphis Police Department Officers Burton and Webb, and MLGW Corporate Investigator D. Armstrong alleging violations of their Fourth Amendment rights and seeking damages under 42 U.S.C. § 1983. (ECF No. 1.) MPD, MLGW, and Armstrong were subsequently dismissed from the case, leaving only the individual officer defendants. (ECF Nos. 62, 64.) A previous Motion for Sanctions against the plaintiffs was filed on October 28, 2021. (ECF No. 68.) The undersigned recommended that Motion be granted in part, (ECF No.

70), and the presiding district judge adopted that recommendation on December 20, 2021. (ECF No. 72.) For the below reasons, the undersigned recommends that the present Motion for Sanctions be granted.

## I.    PROPOSED FINDINGS OF FACT

Morris and Wilkerson filed the present suit against the individual officers, MPD, and MLGW on December 19, 2019. (ECF No. 1.) In their complaint, the two allege that Armstrong, Burton, and Webb entered their home without consent while looking for Wilkerson's brother, who had an outstanding electric bill he had not paid. (Id. at 6.) Wilkerson's brother did not reside at the home in question. (Id.) Despite being asked to leave several times, the officers remained and threatened to "disconnect the electricity services" at the house unless Wilkerson's brother's bill was paid by the end of the week. (Id.) After this incident, Wilkerson filed a complaint with MPD's Internal Affairs Department and later filed the present suit. (Id.)

As the case progressed, the claims against MPD and MLGW were dismissed, leaving only claims against the individual officers. (ECF No. 56, 63.) On September 28, 2021, the officers noticed both Morris and Wilkerson's depositions to be taken Thursday, October 14, 2021, at 10:00 a.m. and 1:00 p.m., respectively. (ECF No. 67.) Both plaintiffs received notice through letter and voicemail. (ECF No. 68 at 2.) However, both Morris and Wilkerson failed to appear

for their depositions. (ECF Nos. 68-2, 68-3.) The case's discovery
deadline then expired on October 15, 2021. (ECF No. 66.) Officers
Burton and Webb then filed a Motion for Sanctions on October 28,
2021, seeking $192.50 to reimburse the costs associated with the
depositions and to have the case dismissed pursuant to Federal
Rule of Civil Procedure 37. (ECF No. 68 at 2.)

Under this district's local rules, parties opposing a motion
must file a response within 14 days. W.D. Tenn. LR 7.2(a)(2).
Morris and Wilkerson did not respond to the Motion for Sanctions
within this time period. The undersigned entered an Order to Show
Cause on November 15, 2021, ordering Morris and Wilkerson to
respond to the motion by November 26, 2021. (ECF No. 69.) Morris
and Wilkerson failed to respond to that order as well. The
undersigned then entered a Report and Recommendation, recommending
that Morris and Wilkerson be ordered to pay the $192.50 in costs
from their missed depositions but declining to recommend that the
case be dismissed. (ECF No. 70 at 6-7.) However, the undersigned
noted the Report and Recommendation served as a warning that
**"[f]urther failure to participate in discovery, attend their
required depositions, or otherwise cooperate with this court's
orders will lead to a dismissal of the plaintiffs' case."** (Id. at
6) (emphasis in original). This warning was repeated by presiding
District Judge Mark Norris when he adopted the undersigned's Report
and Recommendation on December 20, 2021. (ECF No. 72 at 3)

("Finally, the Court reiterates the warning set forth in the
Report: ***Plaintiffs' further failure to participate in discovery,
attend their depositions, or otherwise cooperate with this Court's
orders will lead to dismissal of Plaintiffs' case.***") (emphasis in
original).

The defendants re-noticed the plaintiffs' depositions on
December 16, 2021, and then again on January 10, January 14, and
February 1, 2022. (ECF Nos. 71, 73-75.) Multiple proposed dates
failed. (ECF No. 76 at 2-3.) The first re-noticed depositions were
required due to the initial proposed date falling on a federal
holiday. (Id. at 2.) Then, "[o]n January 10, 2022 [defense] Counsel
received a voicemail message from Plaintiff, Christopher
Wilkerson, who advised that he received the notice of his
deposition and that his mother, Plaintiff, Vera Morris, was
'homebound' and would be unable to attend her deposition." (Id. at
2.) Ultimately, the defendants declined to re-schedule Morris's
deposition, and Wilkerson's deposition was re-scheduled for
February 17, 2022, at 10:00 a.m. after defense counsel was forced
to delay due to contracting COVID-19 and pneumonia. (Id. at 3.)
Wilkerson failed to appear for his deposition on that day. (ECF
No. 76-5 at 4.)

The defendants then filed the present motion on February 23,
2022. (ECF No. 76.) In the motion, they again argue Morris and
Wilkerson's case should be dismissed and that both be ordered to

- 4 -

pay the costs of Wilkerson's missed deposition. (Id. at 5.) The defendants further note that the plaintiffs have not yet paid the $192.50 they were previously ordered to pay. (Id.) Neither plaintiff has responded to the motion.

## II.    PROPOSED CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37(d) provides that sanctions may be ordered against a party who "after being served with proper notice" fails to appear for their own deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions for this failure include "any of the orders listed in Rule 37(b)(2)(a)(i)-(vi)." Id. These orders include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking the pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(a). The Rules provide that "instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" unless such payment would be unjust, or the failure to appear is "substantially justified." Fed. R. Civ. P. 37(d)(3). Here, the defendants seek to recover the costs associated with the missed deposition, amounting to $171.25, as well as dismissal of the case pursuant to Rule 37(b)(2)(a)(v). (ECF No. 76-6, 76 at 5.)

Dismissing a lawsuit is "a particularly severe sanction[.]" Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust, 665 F. App'x 514, 520 (6th Cir. 2016) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991)). Other cases have identified dismissal as "the sanction of last resort[,]" only warranted where the "court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." Staples v. Potter, No. 08-2867-STA-dkv, 2010 WL 2389767, at *1 (W.D. Tenn. May 12, 2010), report and recommendation adopted, 2010 WL 2389746 (quoting Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994) and Reg'l Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 153-54 (6th Cir. 1988)). Where dismissal is considered, the Sixth

Circuit considers four factors to determine whether the sanction is warranted:[1]

> (1) whether the party's [conduct] [was] due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Fharmacy Records v. Nassar, 379 F. App'x 522, 524 (6th Cir. 2010). While no one factor is dispositive, there must generally be "a clear record of delay or contumacious conduct" by the non-moving party. Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008).

All four factors weigh towards dismissal here. First, there is evidence of willfulness and bad faith by the plaintiffs, as Wilkerson has twice failed to appear for his deposition without any explanation to the defendants and the court. While Morris's deposition was not re-noticed (apparently because it would have been futile to do so given her purported health issues), she did not file a response to this motion, the previous motion for

---

[1]These factors are consistently applied whether a case is sought to be dismissed under Rule 41(b), Rule 37(b), or the inherent power of the court. Coleman v. Am. Red Cross, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994).

sanctions, or the order to show cause. Neither has Wilkerson.[2]
Without any explanation or justification for this near failure to
prosecute their own case, the undersigned finds evidence that the
plaintiffs have willfully failed to participate in discovery. The
second factor is also satisfied, as the defendants were clearly
prejudiced monetarily and in discovery by the plaintiffs' failure
to attend their mandatory depositions. The discovery deadline in
this case has long passed and plaintiffs have still not been
deposed. (ECF No. 67.) Third, the plaintiffs have been warned in
the past that their failure to attend their depositions, and
subsequent failure to respond to this motion, could lead to
dismissal of their lawsuit. Both the undersigned and the presiding
district judge gave such a warning after the plaintiffs failed to
appear for their depositions the first time. (ECF No. 70 at 6-7;
ECF No. 72 at 3.) Fourth, less drastic sanctions have been
considered and imposed. The undersigned previously ordered Morris
and Wilkerson to pay the costs of their first missed depositions.
(ECF No. 70 at 7.) While dismissal is a "sanction of last resort,"
all four factors weigh towards dismissal and the plaintiffs have
offered no excuse or justification for the multiple delays in
discovery and missed depositions. Staples, 2010 WL 2389767, at *1.

---

[2]Plaintiffs also failed to respond to a motion for judgment on the
pleadings and an order to show cause ordering them to do so. (ECF
Nos. 55, 57.)

- 8 -

As with the first Motion for Sanctions, the plaintiffs have failed to respond and have not communicated with the court in any way. The undersigned recommends that the case be dismissed pursuant to Rule 37(b)(2)(A)(v).

Further, Rule 37 requires the court to order the party that failed to appear after proper notice "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). As discussed above, Wilkerson has not provided any justification. Without justification or excuse, imposing the costs of the missed deposition is mandatory. Here, those costs amount to $171.50. (ECF No. 76-6.) Accordingly, it is recommended that Wilkerson also be ordered to pay $171.50 to the defendants due to his failure to appear for his deposition.

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that plaintiffs' case be dismissed with prejudice. Further, the undersigned recommends that Wilkerson be ordered to pay the costs of his second missed deposition, which amount to $171.50.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 21, 2022

- 9 -

Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**