IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

VERA MAE MORRIS and
CHRISTOPHER E. WILKERSON,

    Plaintiffs,

v.    Case No. 2:19-cv-2874-MSN-cgc

OFFICER BURTON and OFFICER WEBB,
CITY OF MEMPHIS POLICE DEPARTMENT,

    Defendants.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND
### ORDER OF DISMISSAL

---

Before the Court is the Chief Magistrate Judge's Report and Recommendation on Motion for Sanctions ("Report") entered on March 21, 2022. (ECF No. 77.) The Report recommends that the Motion for Sanctions filed by Defendants Officer Burton and Officer Webb against Plaintiffs Vera Morris and Christopher Wilkerson be granted and Plaintiffs' case be dismissed with prejudice. (*See id.*) Plaintiffs and Defendants had 14 days to submit objections to the Report. Fourteen days have passed, and neither Plaintiffs nor Defendants have submitted any objections to the Report.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The Chief Magistrate Judge entered his Report on March 21, 2022. (ECF No. 77.) To date, neither Plaintiffs nor Defendants have submitted objections to the Report's findings or recommendations, and the deadline for doing so has expired. The Court has reviewed the Report

for clear error and finds none.  Accordingly, the Court **ADOPTS** the Report in its entirety and **GRANTS** Defendants Burton and Webb's Motion for Sanctions.  This case is **DISMISSED** with prejudice, and Plaintiff Wilkerson is **ORDERED** to pay $171.50 to Defendants due to Plaintiff Wilkerson's failure to appear for his depositions.

    **IT IS SO ORDERED**, this 8th day of April, 2022.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE